# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

ROBERT M. STEWARD,

      Plaintiff,

   v.

J. GILLSON,

      Defendant.

Case No. 18-cv-02152-RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff filed this federal civil rights action under 42 U.S.C. § 1983 against a prison guard at Pelican Bay State Prison. After reviewing his second amended complaint under 28 U.S.C. § 1915A(a), the Court concludes that plaintiff fails to state any claim for relief. Accordingly, this federal civil rights action is DISMISSED.

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

*Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

Plaintiff has alleged in his three complaints that on December 20, 2016 prison guard Gillson "collected my out-going mail" and "proceeded to distribute the letters" to other prisoners. This is insufficient to state any claim for relief. An isolated incident of mail mishandling or mail delay is insufficient to state a claim under section 1983. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974). Also, the allegations give rise to, at most, a claim of negligence or gross negligence, neither of which is actionable under section 1983. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

### CONCLUSION

This federal civil rights action is DISMISSED without prejudice. If plaintiff believes he can allege a constitutional claim cognizable under section 1983, he is free to file an amended complaint. The Clerk shall enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED.**

**Dated:** March _28_, 2019

_____
RICHARD SEEBORG
United States District Judge